# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANDREW GREER, #27297-078 § | |
| § | |
| v. § | Civil Action No. 4:21-cv-157 |
| § | (Judge Crone/Judge Nowak) |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 29, 2021, the report of the Magistrate Judge (Dkt. #7) was entered containing proposed findings of fact and recommendations that Movant Andrew Greer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) be denied, his claims be dismissed with prejudice, and a certificate of appealability be denied. Having received the report of the Magistrate Judge, having considered Movant's construed Objection (Dkt. #10), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

**RELEVANT BACKGROUND**

Movant was sentenced on March 29, 2018, in the Eastern District of Texas to 120 months' imprisonment for a violation of 18 U.S.C. § 922(j), Possession of a Stolen Firearm. Final judgment was entered on April 2, 2018. *See United States v. Greer*, No. 4:17-CR-00094-001 (E.D. Tex. June 14, 2017), ECF No. 35. Movant did not file a direct appeal; thus, Movant's conviction became final for purposes of § 2255 on April 16, 2018 (Dkt. #7 at p. 2). The instant action was therefore due no later than April 16, 2019. Movant filed his § 2255 motion on February 1, 2021, one year, nine months, and sixteen days after the applicable one-year limitations period in § 2255

(Dkt. #1 at p. 2). By way of his Motion, Movant alleges ineffective assistance of counsel; specifically, Movant avers his trial counsel failed to file a notice of appeal after being explicitly requested to do so (Dkt. #1 at p. 4). Movant was directed by the Court on April 13, 2021, to brief the issue of timeliness and was given fourteen (14) days to respond (Dkt. #5). In response to the Court's Order, Movant filed a letter with the Court on April 26, 2021, requesting only that the Court reconsider its denial in his criminal case of his motion for compassionate release, wholly failing to address the issue of timeliness (Dkt. #6). On April 29, 2021, the Magistrate Judge recommended Movant's § 2255 motion be denied as untimely (Dkt. #7).

**OBJECTION TO REPORT AND RECOMMENDATION**

On May 26, 2021, Movant filed his construed Objection (Dkt. #10). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). Movant raises a single objection to the Magistrate Judge's report recommending dismissal of his § 2255 motion, urging the Court to reject the Magistrate Judge's recommendation and toll the statute of limitations because he timely filed after becoming aware no direct appeal had been filed.

***Tolling under 28 U.S.C. § 2255***

A federal prisoner may file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 allows a prisoner in federal custody to challenge his sentence if it "was imposed in violation of the Constitution or the laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where ineffective assistance of counsel leads to a failure to prosecute a direct appeal, a defendant may obtain relief under § 2255. This is true even where a defendant has waived his right to pursue a direct appeal, and even without

a showing that the appeal would have merit. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007) (holding that defense counsel's failure to file a requested appeal is per se ineffective assistance of counsel, even where a defendant has waived his right to direct appeal and collateral review).

All § 2255 motions, however, are subject to a one-year statute of limitations. *United States v. Johnson*, No. CRIM.A. 03-298, 2011 WL 5330673, at *2 (E.D. La. Nov. 7, 2011). Movant argues his Motion was timely or that the statute of limitations should be tolled as Movant had no knowledge until January 2021 that a direct appeal was never filed (Dkt. #10). Movant specifically alleges, "It was not until . . . I asked my sentencing court for a docket sheet seeking an update to my compassionate release motion, that I was made aware that a direct appeal was never filed" (Dkt. #10 at p. 1). Movant's arguments could be construed to encompass an argument under both § 2255(f)(4) and equitable tolling.

Under § 2255, the one-year period of limitations runs from the latest of four possible dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). For this provision to apply, "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017), *as revised* (June 14, 2017) (citing *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (citation omitted)). As the Supreme Court has explained, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Id.* (citing *Johnson v. United States*, 544 U.S. 295, 308 (2005)). Equitable tolling differs, and a habeas corpus petitioner is entitled to equitable tolling of the statute of limitations upon a showing that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Hines v.*

3

*Kent*, No. CV 18-10234, 2020 WL 1030848, at *4 (E.D. La. Mar. 3, 2020) (analyzing equitable tolling in the context of a § 2254 motion and noting that "because of the similarity of the actions brought pursuant to § 2254 and § 2255, the federal courts have read them *in pari materia* as long as the context did not render it improper"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). The burden of establishing these two elements rests on the petitioner seeking equitable tolling. *Hines*, 2020 WL 1030848, at *4 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To be clear, "[e]quitable tolling is warranted 'only in rare and exceptional circumstances . . . where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.'" *Id.* (citing *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (internal quotations omitted)).

Movant asserts that he specifically instructed his counsel to file an appeal on April 5, 2018 (Dkt. #1-2 at p. 1), that his counsel thereafter abandoned him during the critical stage of appellate proceedings, and that limitations should run from January 2021, the date he became aware no appeal was filed, rather than the date his conviction became final on April 16, 2018. In the one year and over nine months between the time Movant states he directed his counsel to file an appeal and the filing of his § 2255 motion, Movant never once inquired as to the status of his appeal or requested an out-of-time appeal. Movant also does not assert that he was diligent in contacting his counsel about the status of his appeal. The correspondence provided by Movant reflects that, after a letter dated April 5, 2018 (Dkt. #1-2), his next correspondence as to the issue of appeal was on January 18, 2021 (Dkt. #1-3). Movant's correspondence with his counsel on February 11, 2021, further illustrates his lack of diligence "I wrote to you within 14 days of my sentencing date to file a direct appeal of the max sentence I received. You never wrote me back, and now almost 3 years later, I . . . find out you never filed an appeal on my behalf" (Dkt. #4 at p. 2).

4

Notably, Movant corresponded with the Court on multiple occasions prior to filing his § 2255 motion, filing numerous letters with the Court requesting compassionate release in his criminal proceeding. *See United States v. Greer*, No. 4:17-CR-00094-MAC-CAN-1 (E.D. Tex. June 14, 2017), ECF Nos. 37, 44, 45, 47. Not one of these letters references a desire to appeal. Moreover, the record reflects that while Movant requested and was sent a copy of his docket sheet, the docket sheet was provided to Movant on July 5, 2019, and, contrary to Movant's letters, no further docket sheet was requested or sent in January 2021. *See United States v. Greer*, No. 4:17-CR-00094-MAC-CAN-1 (E.D. Tex. June 14, 2017). Movant inexplicably failed to take any action after receipt of the docket sheet in July 2019 from which it was apparent that no notice of appeal had been docketed. More than a year and six months elapsed after receipt of the docket sheet and the date he filed the instant Motion. Further, no extraordinary circumstances are alleged to have stood in Movant's way.

Numerous courts considering similar untimely allegations—that counsel failed to file an appeal as requested—have found such claims time-barred. *See Rodriguez*, 858 F.3d at 963-64 (holding that delay of one year and three months after period to file notice of appeal before inquiring with the district court was too long); *Johnson v. United States*, No. 9:17-CV-174, 2018 WL 2684596, at *1 (E.D. Tex. June 4, 2018) (finding movant's delay of six years showed a lack of diligence on the part of movant in pursuing an appeal). While ineffective assistance of counsel excuses the failure to timely file (or prosecute) a direct appeal, it does not excuse the failure to timely file a § 2255 motion. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

In sum, the facts supporting Movant's claim could have been discovered during the limitations period, but Movant did not diligently pursue his rights. *See Rodriguez*, 858 F.3d at 963-64 ("[Movant] did not need over a year to uncover that [counsel] had not appealed."). Neither

the application of § 2255(f)(4) nor equitable tolling are warranted.  The Motion is barred by limitations.  Movant's Objection is overruled.

## CONCLUSION

Having considered Movant's Objection (Dkt. #10), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #7) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Movant Andrew Greer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **DENIED**.  Movant Andrew Greer's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Movant's Motion for Certificate of Appealability pursuant to 28 U.S.C. § 2253 and Rule 22(b) (Dkt. #8) is **DENIED**.

The Clerk is directed to **CLOSE** this action.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 21st day of June, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE